**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC PATRICK MARTIN, | No. 08-15798 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-05358-LJO-GSA |
| v. | |
| DAVE WINETT; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Eric Patrick Martin, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

KV/Research

violations in connection with his placement and retention in administrative segregation and the secured housing unit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and its summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Martin's denial of access to the courts claim because Martin failed to raise a genuine issue of material fact as to whether defendants Aguirre and Huerta frustrated or impeded a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

The district court properly granted summary judgment for defendant Gracey on Martin's Eighth Amendment claim because Martin failed to raise a genuine issue of material fact as to whether Gracey was aware of an excessive risk to Martin's health due to the lack of water in Martin's cell. *See Toguchi*, 391 F.3d at 1057.

However, the district court improperly dismissed Martin's Eighth Amendment claim against defendant Winett at the screening stage. Martin alleged that he was deprived of adequate drinking water and sanitation during his confinement in segregation which resulted in illness, and that he made Winett

aware of his alleged hardship. Although the district court dismissed the claim, in part, because Martin failed to allege facts sufficient to support a claim that the conditions of his confinement were so extreme that they rose to the level of an Eighth Amendment violation, the district court also concluded that the same facts gave rise to a claim for relief against defendant Gracey. *See Johnson v. Lewis*, 217 F.3d 726, 735 (9th Cir. 2000) (lack of adequate drinking water and sanitation may constitute substantial deprivations giving rise to Eighth Amendment violation). In addition, Martin sufficiently alleged that Winett knew of and disregarded an excessive risk to Martin's health. *See Toguchi*, 391 F.3d at 1057. Accordingly, we reverse and remand for further consideration of this claim.

With respect to Martin's due process claims against defendants Johnson, Stainer, and Winett, Martin's complaint, liberally construed, alleged that the changes in his confinement caused a "major disruption in his environment." *Jackson v. Carey*, 353 F.3d 750, 756 (9th Cir. 2003). The district court erred in dismissing these claims at the screening stage because, unlike the inmate facing summary judgment in *Sandin v. Connor*, 515 U.S. 472 (1995), Martin need only "sufficiently allege[] facts that might support a claim entitling him to relief." *Jackson*, 353 F.3d at 756. Accordingly, we reverse and remand for further consideration of the claims.

Martin's remaining contentions are unpersuasive.

Martin's motion to file a late reply brief and attached excerpts of record is granted. The Clerk shall file the reply brief and attached excerpts of record received on February 17, 2009.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**